NO. 07-11-00504-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JUNE 8, 2012
--------------------------------------------------------------------------------

 
 ALFREDO PECINA, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 64TH DISTRICT COURT OF HALE COUNTY;
 
 NO. B17667-0806; HONORABLE ROBERT W. KINKAID JR., JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
 Appellant, Alfredo Pecina, entered a plea of guilty to the offense of aggravated assault with a deadly weapon. Pursuant to a plea bargain, appellant was placed on deferred adjudication for a period of ten years. Subsequently, the State filed a motion to adjudicate appellant. The first motion to adjudicate was dismissed. Later, the State filed another motion to adjudicate appellant guilty and, subsequently, amended the second motion to adjudicate. Appellant pleaded "True," without benefit of any plea bargain, to nearly all of the allegations presented against him. After finding appellant guilty of aggravated assault, the trial court conducted a hearing on punishment. The trial court assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for eleven years. This appeal followed appellant's conviction. We affirm.
Appellants attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial courts judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se response. Appellant did not file a response. By his Anders brief, counsel reviewed all grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.
Accordingly, counsels motion to withdraw is hereby granted and the trial courts judgment is affirmed.
 Mackey K. Hancock
 Justice
Do not publish.